[No. 10,009.]

## THE PEOPLE *v.* COX.

CONSTRUCTION OF STATUTE—CRIMINAL SALE OF LAND.—The giving of a mortgage upon land by a party who has already conveyed his title to another by deed, is not disposing of the land within the meaning of the statute, which makes it a felony to fraudulently sell land after having once sold it.

APPEAL from the County Court of Sonoma County.

The facts are stated in the opinion..

*C. W. Langdon* and *John C. Burch,* for Appellant.

*The Attorney General,* for Respondent.

By the Court, WALLACE, C. J.:

The prisoner was convicted under an indictment founded upon the one hundred and thirty-second section of the statute concerning crimes and punishments (Hittell G. L., Sec. 1532), by which it is enacted that any person who, after once disposing of any lands, or executing any bond or agreement for their sale, shall again, and for a valuable consideration, knowingly or fraudulently sell, or execute a bond or agreement to sell, or dispose of the same lands to any other person, shall be deemed guilty of a felony, etc.

It is alleged in the indictment that Cox, by his deed, executed on the 3d of February, 1872, conveyed the premises to Hiatt for three hundred and fifty dollars, and that on the 3d of April following " the said John T. Cox fraudulently and knowingly mortgaged the said above described land (the same not having been reconveyed to him) to one Harry Keir, to secure the payment of a certain promissory note for the sum of one hundred and fifty dollars, and payable six months from date, and bearing even date therewith; that upon the execution and delivery of said note and mortgage to the said Harry Keir, he paid over to the said John T. Cox the sum of one hundred and fifty dollars, in United States gold coin, contrary to the form, force, and effect of the statute," etc.

The Court below instructed the jury that the mortgage given by the prisoner amounted to *disposing* of the land, and that if such mortgage was knowingly and fraudulently given for a valuable consideration, the transaction was so far forth within the inhibition of the Act.

We think, however, that this construction of the statute cannot be supported. The purpose of the Act is confined to dealings concerning the *title* to the property; thus it mentions the sale, barter, and the execution of a bond or agreement to sell. Each of these expressions looks to parting, or

agreeing to part, with the title itself—the other phrases, disposing of, or agreeing to dispose of, the land, in the connection in which they occur in the statute, are mere amplifications by which to include any parting with the title by means other than those theretofore enumerated. Certainly a mortgage is not a sale of land, nor a barter of land (if a contract of that character is to be applied to real estate), nor is it an agreement for such sale or barter. If merely to mortgage is to dispose of lands within the Act, then to give a second mortgage would be to dispose of them a second time, and would or might be a crime. Upon the same reasoning, too, it might be criminal in a person to convey lands upon which he had already placed an incumbrance by way of mortgage. We think that no such purpose was had in view in the enactment of the statute.

Judgment reversed, and cause remanded, with directions to dismiss the indictment.

Mr. Justice RHODES did not express an opinion.